| | | |
|---|---|---|
| **THE NOCO COMPANY** | § | |
| 30339 DIAMOND PARKWAY, #102 | § | |
| GLENWILLOW, OHIO 44139 | § | |
| | § | **CASE NO. 1:19-cv-02260-DCN** |
| **Plaintiff** | § | |
| | § | |
| **v.** | § | |
| | § | |
| **JOHN DOE D/B/A HEBRON STORES** | § | |
| **AND HEBRON AUTO PARTS** | § | |
| 75 EXECUTIVE DRIVE | § | |
| AURORA, ILLINOIS 60564 | § | |
| | § | |
| **Defendant** | § | |

## DEFENDANT'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION, IMPROPER VENUE, AND FAILURE TO STATE A CLAIM

As described in detail herein, Plaintiff's lawsuit should be dismissed because Defendant simply maintains an internet presence for online sales, has no ties to Ohio, and is not subject to general or specific personal jurisdiction in Ohio. Alternatively, because venue is improper the lawsuit should either be dismissed or transferred to the United States District Court for the Northern District of Illinois where both jurisdiction and venue are proper.

Even if Plaintiff could somehow overcome the lack of personal jurisdiction and improper venue, then Plaintiff's claims fail as a matter of law. Defendant was entitled to sell the goods using the trademark to describe the brand when Defendant re-sold a total of 50 of Plaintiff's goods nationwide making a total profit of only $900.

Defendant hereby moves for an order dismissing the complaint pursuant to Rules 12(b)(2), (3), and (6), or, alternatively, transferring the matter to the United States District Court for the Northern District of Illinois pursuant to 28 U.S.C. 1406. A memorandum in support is attached.

## TABLE OF CONTENTS

TABLE OF AUTHORITIES .................................................................................................. ii

I.     BACKGROUND ........................................................................................................ 1

II.    ARGUMENT .............................................................................................................. 2

       A.     The Complaint Should Be Dismissed Because Defendant Is Not
              Subject To Personal Jurisdiction In Ohio. ................................................... 2

       B.     Defendant Is Not Subject to General Personal Jurisdiction in Ohio. ...................... 3

       C.     Defendant Is Not Subject to Specific Personal Jurisdiction in Ohio. ..................... 4

              1.     Defendant Does Not Have the Required "Substantial
                     Connection" with the State of Ohio ............................................................ 5

              2.     Plaintiff's Causes of Action Do Not Arise from
                     Defendant's Activities in Ohio ..................................................................... 8

              3.     Exercise of Jurisdiction Over Defendant Would Be
                     Unreasonable .................................................................................................. 8

       D.     The Complaint Should Be Dismissed Because Venue Is Improper ....................... 9

       E.     Plaintiff's Trademark Claims Fail as a Matter of Law and Should
              be Dismissed ...................................................................................................... 10

III.   CONCLUSION ........................................................................................................ 11

CERTIFICATE OF SERVICE ......................................................................................... 12

EMF_US 77808904v1

**TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*513 Ventures, LLC v.PIV Enter.,*
2012 WL 995277, (S.D. Ohio March 23, 2012) .......................................................... 2, 6, 7, 9

*Air Prods. & Controls, Inc. v. Safetech Int'l,*
503 F.3d 544 (6th Cir. 2007) .......................................................................................... 7

*Alig-Mielcarek v. Jackson,*
2014 WL 272181 (S.D. Ohio Jan. 23, 2014) ...................................................... 5, 8

*Bird v. Parsons,*
289 F.3d 865 (6th Cir. 2002) ...................................................................................... 2, 4

*Calder v. Jones,*
465 U.S. 783 (1984)....................................................................................................... 7

*Carrier Corp. v. Outokumpu Oyj,*
673 F.3d 430 (6th Cir. 2012) ...................................................................................... 2

*Centerville ALF, Inc. v. Balanced Care Corp.,*
197 F. Supp. 2d 1039 (S.D. Ohio 2002) ........................................................... 9

*Cmty. Trust Bancorp., Inc. v. Cmty Trust Fin. Corp.,*
692 F.3d 469 (6th Cir. 2012) ...................................................................................... 5

*CompuServe, Inc. v. Patterson,*
89 F.3d 1257 (6th Cir. 1996) ...................................................................................... 5

*Conn. v. Zakharov,*
667 F.3d 705 (6th Cir. 2012) ...................................................................................... 3

*Daimler AG v. Bauman,*
571 U.S. 117 (2014)....................................................................................................... 4

*Dean v. Motel 6 Operating L.P.,*
134 F.3d 1269 (6th Cir. 1998) ................................................................................... 6

*First of Mich. Corp. v. Bramlet,*
141 F.3d 260 (6th Cir. 1998) ...................................................................................... 9

*Fitness Quest, Inc. v. Inxstous,*
2009 WL 10688950 (N.D. Ohio March 17, 2009) .......................................... 2, 7, 8

EMF_US 77808904v1

*Goodyear Dunlop Tires Operations, S.A. v. Brown*,
564 U.S. 915 (2011) ................................................................................................... 4

*Int'l Shoe Co. v. Wash.*,
326 U.S. 310 (1945) ................................................................................................... 3

*Int'l Watchman Inc. v. Strap.ly*,
2019 WL 1903557 (N.D. Ohio Apr. 29, 2019) ...................................................... 2, 3

*Olivia v. Airbus Americas, Inc.*,
2019 WL 6051551 (N.D. Ohio Nov. 14, 2019) .......................................................... 4

*Palnik v. Westlake Entm't, Inc.*,
344 F. App'x 249 (6th Cir. 2009) ................................................................................ 3

*Schneider v. Hardesty*,
669 F.3d 693 (6th Cir. 2012) ...................................................................................... 5

*Scotts Co. v. Aventis S.A.*,
145 Fed.Appx. 109 (6th Cir.2005) ............................................................................. 7

*Southern Machine Co. v. Mohasco Indus., Inc.*,
401 F.2d 374 (6th Cir. 1968) ...................................................................................... 5

*Stolle Mach. Co., LLC v. RAM Precision Indus.*,
2011 WL 6293323 (S.D. Ohio Dec. 15, 2011) .......................................................... 7

*Tewart Enter., Inc. v. Dawson*,
2007 WL 1114819 (S.D. Ohio Apr. 13, 2007) ........................................................... 6

*Venaleck v. Man Diesel N. Am. Inc.*,
2010 WL 1005166 (N.D. Ohio March 16, 2010) ....................................................... 6

*Walden v. Fiore*,
571 U.S. 277 (2014) ............................................................................................ 4, 7, 8

*Wireless Environment, LLC v. HooToo.com, Inc.*,
2016 WL 4530617 (N.D. Ohio Aug. 30, 2016) ...................................................... 2, 6

**Statutes**

15 U.S.C. § 1114 ..................................................................................................... 10

28 U.S.C. § 1391(b)(2) .............................................................................................. 9

28 U.S.C. § 1406 .................................................................................................. 9, 10

Ohio Rev. Code § 2307.382(A)(3) ............................................................................. 2

EMF_US 77808904v1

Ohio Rev. Code § 2307.382(A)(4) ................................................................................................ 2

**Rules**

Fed. R. Civ. P. 12(b)(2)......................................................................................................... 3, 8, 10

Fed. R. Civ. P. 12(b)(3)............................................................................................................. 8, 10

Fed. R. Civ. P. 12(b)(6).............................................................................................................. 10

EMF_US 77808904v1

## I.    **BACKGROUND**

Defendant, an Illinois corporation, is an online retailer with its headquarters, officers, and all of its employees located in Illinois. Defendant does not own real property in Ohio, does not have bank accounts in Ohio, does not file tax returns in Ohio, and does not direct its activities to Ohio. (Mathews Decl. ¶¶ 2-8.) Plaintiff asserts a variety of allegations—most of which are insufficiently supported by facts.[1] For example, Plaintiff alleges trademark infringement even though there is no dispute that the products at issue were (1) made by Plaintiff, (2) were new and not used, and (3) were not counterfeit or somehow altered. Defendant merely acquired new products manufactured by Plaintiff and re-sold only 50 of them nationwide for a total profit of $900. (Mathews Decl. ¶ 9.) Nevertheless, Defendant has agreed to stop selling the products at issue in an effort to avoid the expenses to defend this lawsuit.

Plaintiff refused to provide a demand with "the monetary damages claimed" as required by Court's November 4, 2019 CMC Order. (Dkt. 6). Instead, Plaintiff's counsel advised one week prior to the December 13, 2019 CMC that his client was not willing to settle the lawsuit even though Defendant agreed to stop selling the products at issue and advised Plaintiff that the total nationwide profits were $900 for the 50 products. Thus, Defendant is forced to prepare and file this motion to dismiss the complaint.

---

[1] In many instances, Plaintiff's allegations are a simple recitation of the relevant statute without any facts to support the allegations. *See, e.g.*, Compl., ¶¶ 40-50. Moreover, Plaintiff alleges a tortious interference claim but does not identify (1) the contract with which Defendant allegedly interfered or (2) the party with whom Plaintiff had the purported contract. Plaintiff did not even conduct a rudimentary secretary of state search to identify the proper corporate defendant but instead filed against "John Doe".

EMF_US 77808904v1

## II. ARGUMENT

### A. The Complaint Should Be Dismissed Because Defendant Is Not Subject To Personal Jurisdiction In Ohio.

In Ohio, "[t]he plaintiff bears the burden of showing that a federal court has personal jurisdiction over the defendant." *Wireless Environment, LLC v. HooToo.com, Inc.*, 2016 WL 4530617, at *2 (N.D. Ohio Aug. 30, 2016). "[I]n the face of a properly supported motion for dismissal, the plaintiff may not stand on his pleading but must, by affidavit or otherwise, set forth specific facts showing that the court has jurisdiction." *Carrier Corp. v. Outokumpu Oyj*, 673 F.3d 430, 449 (6th Cir. 2012).

"Where a federal court's subject matter jurisdiction over a case stems from the existence of a federal question, as alleged to be the basis of subject matter jurisdiction here, personal jurisdiction exists 'if the defendant is amenable to service of process under the forum state's long-arm statute and if the exercise of personal jurisdiction would not deny the defendant due process.'" *Int'l Watchman Inc. v. Strap.ly*, 2019 WL 1903557, at *3 (N.D. Ohio Apr. 29, 2019) (citing *Bird v. Parsons*, 289 F.3d 865, 871 (6th Cir. 2002)); *see also 513 Ventures, LLC v. PIV Enter., Inc.*, No.1:11-CV-573, 2012 WL 995277, at *2 (S.D. Ohio March 23, 2012) ("The exercise of personal jurisdiction is valid only if it meets both the state long-arm statute and constitutional due process requirements."); *Fitness Quest, Inc. v. Inxstous*, 2009 WL 10688950, at *2 (N.D. Ohio March 17, 2009).

Plaintiff has not met its burden to assert specific facts to support the Court's exercise of personal jurisdiction under Ohio's long-arm statute.[2] Plaintiff only asserts that "this Court has

---

[2] Ohio's long-arm statute provides, in relevant part, that "[a] court may exercise personal jurisdiction over a person who acts directly or by an agent, as to a cause of action arising from the person's … [c]ausing tortious injury by an act or omission in this state; [or] [c]ausing tortious injury in this state by an act or omission outside this state if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state." Ohio Rev. Code § 2307.382(A)(3), (4)

EMF_US 77808904v1

personal jurisdiction over Defendant because Defendant has caused tortious injury in the State of Ohio." (Compl. ¶ 5.) However, that allegation is a bare legal conclusion, not supported by any specific facts necessary to satisfy the elements of the long-arm statute. Therefore, that allegation is insufficient to satisfy the long-arm prong. *See Int'l Watchman Inc.*, 2019 WL 1903557, at \*3 ("the complaint does not provide a basis for Ohio's long-arm statute to apply" where allegations specific to a defendant did "not set forth a connection to Ohio that would justify the exercise of personal jurisdiction here."); *see also Palnik v. Westlake Entm't, Inc.,* 344 F. App'x 249, 252 (6th Cir. 2009) (a plaintiff's pleading must "have established with reasonable particularity those specific facts that support jurisdiction").

Moreover, even if Plaintiff could meet its burden to assert specific facts under Ohio's long-arm statute, personal jurisdiction over Defendant would still be improper under the due process requirement. The due process element is only satisfied where the defendant has "minimum contacts" with the forum "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Wash.*, 326 U.S. 310, 316 (1945) (internal quotation and citation omitted). The constitutional due process standard can be met by showing general jurisdiction or specific personal jurisdiction. *See Conn. v. Zakharov*, 667 F.3d 705, 712–13 (6th Cir. 2012). As explained below, there is neither general nor specific personal jurisdiction over Defendant. Thus, the Complaint should be dismissed pursuant to Fed R. Civ. P. 12(b)(2).

## B. Defendant Is Not Subject to General Personal Jurisdiction in Ohio.

General personal jurisdiction over a non-resident corporate defendant may be exercised only where the entity's operations in the forum state are "so substantial and of such a nature as to justify suit … on causes of action arising from dealings entirely distinct from those [continuous and systematic] activities." *Int'l Shoe Co.*, 326 U.S. at 318.

EMF_US 77808904v1

Where a corporate defendant is foreign to the forum state, the corporation's affiliation with it must be "so continuous and systematic" as to render it essentially "at home" there. *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011). As the Supreme Court has held, a corporation generally will be considered "at home" only in those states in which it either is incorporated or maintains its principal place of business. *Daimler AG v. Bauman,* 571 U.S. 117, 137 (2014).

Here, Defendant does not have sufficient contacts with Ohio to render it subject to general personal jurisdiction in that State. Defendant is not incorporated in Ohio and does not maintain its principal place of business there. (Mathews Decl. ¶ 2.) It is not registered to do business and does not conduct business in Ohio. (*Id.* ¶¶ 4-7.) Defendant does not own real property or bank accounts in Ohio, and does not have employees in Ohio. (*Id.* ¶¶ 3-4.) In sum, Defendant does not have a presence in Ohio that can be characterized as "continuous and systematic."

Moreover, the fact that the websites through which Defendant allegedly sold the products at issue can be accessed from anywhere in the world, including Ohio, is an insufficient basis to support the exercise of general personal jurisdiction. *See Bird*, 289 F.3d at 874 ("the fact that [a defendant] maintains a website that is accessible to anyone over the Internet is insufficient to justify general jurisdiction").

Therefore, there is no general personal jurisdiction over Defendant.

## C.     Defendant Is Not Subject to Specific Personal Jurisdiction in Ohio.

"Specific jurisdiction turns on 'the relationship among the defendant, the forum, and the litigation.'" *Olivia v. Airbus Americas, Inc.*, 2019 WL 6051551, at \*3 (N.D. Ohio Nov. 14, 2019) (quoting *Walden v. Fiore,* 571 U.S. 277, 284 (2014)). "To establish specific jurisdiction over a defendant, a court must find '(1) purposeful availment of the privilege of acting in the forum state or causing a consequence in the forum state, (2) a cause of action arising from activities in the

- 4 -

Where a corporate defendant is foreign to the forum state, the corporation's affiliation with it must be "so continuous and systematic" as to render it essentially "at home" there. *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011). As the Supreme Court has held, a corporation generally will be considered "at home" only in those states in which it either is incorporated or maintains its principal place of business. *Daimler AG v. Bauman,* 571 U.S. 117, 137 (2014).

Here, Defendant does not have sufficient contacts with Ohio to render it subject to general personal jurisdiction in that State. Defendant is not incorporated in Ohio and does not maintain its principal place of business there. (Mathews Decl. ¶ 2.) It is not registered to do business and does not conduct business in Ohio. (*Id.* ¶¶ 4-7.) Defendant does not own real property or bank accounts in Ohio, and does not have employees in Ohio. (*Id.* ¶¶ 3-4.) In sum, Defendant does not have a presence in Ohio that can be characterized as "continuous and systematic."

Moreover, the fact that the websites through which Defendant allegedly sold the products at issue can be accessed from anywhere in the world, including Ohio, is an insufficient basis to support the exercise of general personal jurisdiction. *See Bird*, 289 F.3d at 874 ("the fact that [a defendant] maintains a website that is accessible to anyone over the Internet is insufficient to justify general jurisdiction").

Therefore, there is no general personal jurisdiction over Defendant.

## C.     Defendant Is Not Subject to Specific Personal Jurisdiction in Ohio.

"Specific jurisdiction turns on 'the relationship among the defendant, the forum, and the litigation.'" *Olivia v. Airbus Americas, Inc.*, 2019 WL 6051551, at \*3 (N.D. Ohio Nov. 14, 2019) (quoting *Walden v. Fiore,* 571 U.S. 277, 284 (2014)). "To establish specific jurisdiction over a defendant, a court must find '(1) purposeful availment of the privilege of acting in the forum state or causing a consequence in the forum state, (2) a cause of action arising from activities in the

EMF_US 77808904v1

state, and (3) a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable.'" *Id.* (quoting *Schneider v. Hardesty*, 669 F.3d 693, 701 (6th Cir. 2012)); *see also Southern Machine Co. v. Mohasco Indus., Inc.*, 401 F.2d 374, 381 (6th Cir. 1968).

### 1. Defendant Does Not Have the Required "Substantial Connection" with the State of Ohio

Purposeful availment requires "that the defendant's actions create a substantial connection to the forum state, such that the defendant should reasonably anticipate being haled into court there." *Cmty. Trust Bancorp., Inc. v. Cmty Trust Fin. Corp.*, 692 F.3d 469, 472 (6th Cir. 2012). There is no allegation in the Complaint that Defendant availed itself of the privilege of conducting business in Ohio. Plaintiff alleges only that "Defendant sells the Products online on www.amazon.com using the Amazon storefront Hebron Auto Parts, hebronautoparts.com, and possibly other websites." (*Id.* ¶ 15.) That allegation falls short of establishing purposeful availment under Sixth Circuit law for several reasons.

First, Defendant's alleged contacts with the forum are not sufficiently "substantial." *See Alig-Mielcarek v. Jackson*, 2014 WL 272181, at *5 (S.D. Ohio Jan. 23, 2014) (alleged contacts "do not rise to the level of substantial," where defendant "has no intentional, much less known contacts with the state of Ohio" and plaintiff did not show that the allegedly copyright infringing book defendant published was sold in Ohio). In this Circuit, "the purposeful availment requirement is satisfied when the defendant's contacts with the forum state proximately result from actions by the defendant himself that create a *substantial* connection with the forum State." *CompuServe, Inc. v. Patterson*, 89 F.3d 1257, 1263 (6th Cir. 1996) (emphasis added). Defendant does not conduct business in Ohio and never filed tax returns there. (Mathews Decl. ¶¶ 3-4, 6.) It has no offices, real estate, bank accounts, or employees in Ohio. (*Id.* ¶ 4.) Moreover, Defendant

has not and does not target Ohio residents in connection with its products or advertising, and its officers and employees never visited Ohio to conduct business for Defendant. (*Id.* ¶¶ 5, 7.) Therefore, Plaintiff failed to show that Defendant has "a substantial connection, or any connection with Ohio as the forum state in this case. [Defendant], in other words, has not engaged in a singly 'overt action connecting' himself with Ohio, which means the purposeful availment prong fails." *Alig-Mielcarek*, 2014 WL 272181, at \*5 (quoting *Dean v. Motel 6 Operating L.P.*, 134 F.3d 1269, 1274 (6th Cir. 1998)).

Second, to the extent that Plaintiff purports to argue that Defendant purposefully availed itself of the benefits of doing business in Ohio because it allegedly sold the products at issue through Amazon or other websites accessible from the forum, the argument fails. Federal courts in Ohio have held that "even a non-passive website, one by which the defendant welcomes business from the forum state, does not establish purposeful availment without additional allegations that a commercial connection in fact exists between the business and the forum state." *513 Ventures, LLC*, 2012 WL 995277, at \*4 (citing *Tewart Enter., Inc. v. Dawson*, 2007 WL 1114819, at \*6 (S.D. Ohio Apr. 13, 2007)). As the *Tewart* court explained, plaintiff's allegation that defendant maintained a website generally accessible from Ohio is insufficient to establish purposeful availment: "Whether the Defendants here held themselves out as welcoming business from Ohio is immaterial because the Plaintiff makes no allegation that the defendant's website or letter have generated any business connection between the defendant and Ohio." *Tewart Enter., Inc.*, 2007 WL 1114819, at \*6; *see also Venaleck v. Man Diesel N. Am. Inc.*, 2010 WL 1005166, at \*3 (N.D. Ohio March 16, 2010) (same); *Wireless Environment, LLC*, 2016 WL 4530617, at \*4. Here, Plaintiff alleges that Defendant sells the products at issue through various websites, but those allegations do not establish that Defendant engaged in commercial transactions with Ohio residents

EMF_US 77808904v1

through the website, as is required to meet the purposeful availment element of the test. In these circumstances, courts in Ohio have concluded that plaintiff has not established a prima facie case of personal jurisdiction over defendant and have granted defendant's motion to dismiss for lack of personal jurisdiction. *See, e.g., 513 Ventures, LLC*, 2012 WL 995277, at \*\*5-6. Further, "[s]ales, marketing and advertising conduct aimed, through the services of a third-party like Amazon, to the United Sates market in general is insufficient" to satisfy the due process requirement for personal jurisdiction. *Wireless Environment, LLC*, 2016 WL 4530617, at \*4.

Plaintiff cannot establish purposeful availment under the effects test either. A plaintiff may satisfy purposeful availment through the effects test announced by the Supreme Court in *Calder v. Jones*, 465 U.S. 783 (1984) if it can show that defendant: "(1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Stolle Mach. Co., LLC v. RAM Precision Indus.*, 2011 WL 6293323, at \*8 (S.D. Ohio Dec. 15, 2011).

"The Sixth Circuit, as well as other circuits, have narrowed the application of the Calder 'effects test,' such that the mere allegation of intentional tortious conduct which has injured a forum resident does not, by itself, always satisfy the purposeful availment prong." *Air Prods. & Controls, Inc.*, *v. Safetech Int'l.*, 503 F.3d 544, 552 (6th Cir. 2007)(citing *Scotts Co. v. Aventis S.A.,* 145 Fed.Appx. 109, 113 n. 1 (6th Cir. 2005)). In this narrow application of the test, the Sixth Circuit evaluates "whether a defendant's contacts with the forum may be enhanced if the defendant *expressly aimed its tortious conduct at the forum* and plaintiff's forum state was *the focus of the activities of the defendant out of which the suit arises*." *Fitness Quest, Inc.*, 2009 WL 10688950, at \*3 (quotation omitted) (emphasis added). Furthermore, the Supreme Court in *Walden v. Fiore*, 134 S. Ct. 1115 (2014) substantially narrowed the effects test stating, "A forum

State's exercise of jurisdiction over an out-of-state intentional tortfeasor must be based on intentional conduct by the defendant that creates the necessary contacts with the forum." *Id.* at 1123. "[I]t is the defendant, not the plaintiff or third parties, who must create contacts with the forum state." *Id*. at 1126.

Here, it is clear that the elements of the *Calder* test are not met. Defendant does not direct its activities to Ohio, nor did it purchase the products at issue from a supplier in Ohio. (Decl. ¶¶ 5, 7.) Plaintiff made no showing—in fact, did not even allege—that Defendant expressly aimed its conduct at the forum. In similar circumstances, Ohio courts have held that the effects test was not satisfied. *See, e.g*., *Fitness Quest, Inc.*, 2009 WL 10688950, at *4.

### 2. Plaintiff's Causes of Action Do Not Arise from Defendant's Activities in Ohio

Under the second element of the specific jurisdiction test, Plaintiff's causes of action must arise from Defendant's activities in the forum. *Air Prods. & Controls, Inc.*, 503 F.3d at 553. In this case, given that Defendant does not have *any* meaningful contacts with Ohio, this element fails. *See Alig-Mielcarek*, 2014 WL 272181, at *5 (where defendant has no meaningful contacts with Ohio, "Plaintiff cannot make the requisite connection between her cause of action and [defendant's] activities in the forum state.")

### 3. Exercise of Jurisdiction Over Defendant Would Be Unreasonable

The third element of the specific jurisdiction test (reasonableness) need not be proved. Only once plaintiff satisfies the first two elements, does defendant need to show that jurisdiction would not comport with "fair play and substantial justice." *Air Prods. & Controls, Inc.*, 503 F.3d at 553. Here, however, Plaintiff cannot establish the first two elements of the test, and therefore, "exercise of jurisdiction over [Defendant] would not be reasonable." *Alig-Mielcarek*, 2014 WL 272181, at *6.

EMF_US 77808904v1

Because Plaintiff has not established any basis for general or specific personal jurisdiction over Defendant, the Complaint should be dismissed under Fed. R. Civ. P. 12(b)(2).

**D.      The Complaint Should Be Dismissed Because Venue Is Improper**

A defendant may move to dismiss for improper venue pursuant to Fed. R. Civ. P. 12(b)(3). Once this objection is raised, plaintiff bears the burden of establishing that venue is proper. *Centerville ALF, Inc. v. Balanced Care Corp.*, 197 F. Supp. 2d 1039, 1046 (S.D. Ohio 2002). If the court find that venue is improper, the action may be dismissed or transferred to the district where it could have been brought. See 28 U.S.C. § 1406. "[W]hether to dismiss or transfer is within the district court's sound discretion…." *First of Mich. Corp. v. Bramlet*, 141 F.3d 260, 262 (6th Cir. 1998).

Plaintiff asserts that venue is proper pursuant to 28 U.S.C. § 1391(b)(2). (Compl. ¶ 6.) Pursuant to that provision, "a civil action may be brought in … a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." 28 U.S.C. § 1391(b)(2). Plaintiff provided no factual allegations regarding venue. Defendant infers Plaintiff's argument to be that venue in the Northern District of Ohio is somehow proper because substantial sales of the products at issue occurred there. However, the Complaint is devoid of any allegation in support of that argument.

The Complaint is not explicit as to the facts that, in Plaintiff's view, support the argument that the Northern District of Ohio is the proper venue. Plaintiff may rest its argument on the allegation that Defendant offers the Products on its own and third party's websites, which are accessible from the Northern District of Ohio (and elsewhere). (*See* Compl. ¶ 15.) This argument, however, fails. In similar circumstances, a federal court in Ohio held that such allegation "does not establish or suggest than any event, act, or omission occurred in the [chosen venue]." *513 Ventures, LLC*, 2012 WL 995277, at *5. Because Plaintiff did not allege that any resident of the

- 9 -

District saw defendant's website or was confused as to the designation of origin of the relevant product, the court concluded that Plaintiff failed to plead sufficient facts to establish venue. *Id.* The same conclusion applies here. Plaintiff has not alleged that any resident of the Northern District of Ohio saw the products at issue allegedly offered by Defendant online or was confused about the origin of those products. Plaintiff failed to present any evidence that any alleged injury occurred in this District. Therefore, the Complaint should be dismissed on the basis of improper venue.

Should the Court, in its discretion, decide to transfer the action pursuant to 28 U.S.C. 1406, Defendant submits that the proper venue is the Northern District of Illinois, where Defendant's principal place of business is located. (Mathews Decl. ¶ 2.)

**E.      Plaintiff's Trademark Claims Fail as a Matter of Law and Should be Dismissed**

Plaintiff allegedly uses two NOCO trademarks in connection with its products. Plaintiff alleges that Defendant obtained a number of Plaintiff's products and sold these products on online websites such as Amazon.com. Unhappy with Defendant as a competitor, Plaintiff complains that Defendant's resale of these products constitutes trademark infringement under, for example, 15 U.S.C. § 1114. Notably absent from the Complaint, however, are any allegations that Defendant sold counterfeit products or products that originated from a source other than Plaintiff. Similarly, Plaintiff does not allege that Defendant has modified or altered the products. As such, the Complaint fails to adequately plead a cause of action for unauthorized trademark use or infringement, because, under the first sale doctrine, Plaintiff has exhausted its trademark rights when it first sold the products. Defendant is entitled to re-sell the products identifying the manufacturer.

- 10 -

The Lanham Act provides a cause of action against anyone who "use[s] in commerce any reproduction, counterfeit, copy, or colorable imitation of a registered mark in connection with the sale . . . of any goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive." 15 U.S.C § 1114(a). However, there can be no confusion over the source or sponsorship of goods when, as here, "a trademark is used to identify genuine goods marketed under that mark by the trademark owner." RESTATEMENT (THIRD) OF UNFAIR COMPETITION § 24 cmt. b.

Here, the salient allegations of the Complaint fail to establish a cause of action for unauthorized trademark use or infringement because even if all the allegations of the Complaint are taken as true, Defendant—as a matter of law—cannot and does not infringe Plaintiff's trademark. Defendant is entitled to sell the goods and describe the manufacturer. Accordingly, because five of the six causes of action are predicated on some sort of unauthorized sale or trademark use they should be dismissed. The remaining tortious interference with contract claim does not even specifically identify a contract or the contract parties and it should also be dismissed under Fed. R. Civ. P. 12(b)(6).

III. **CONCLUSION**

Defendant respectfully requests that this Court dismiss this action under Fed. R. Civ. P. 12(b)(2) and/or Fed. R. Civ. P. 12(b)(3). Alternatively, Defendant requests that this Court transfer the action to the Northern District of Illinois where jurisdiction and venue are proper and where the case should have been brought in the first instance.

EMF_US 77808904v1

Date: <u>December 13, 2019</u>                                      Respectfully submitted,

**PORTER, WRIGHT, MORRIS & ARTHUR LLP**          **HUNTON ANDREWS KURTH LLP**

By: /s/ Brodie M. Butland                              By: /s/ Gregory L. Porter
     Brodie M. Butland (84441)                          Gregory L. Porter (TX 24002784)
     950 Main Avenue, Suite 500                          600 Travis Street, Suite 4200
     Cleveland, OH 44113                                 Houston, Texas 77002
     Tel:(216) 443-2571                                  Tel:   (713) 220-4621
     Fax:(216) 443-9011                                  Fax:  (713) 220-4285
     Email:bbutland@porterwright.com                     Email: gregporter@HuntonAK.com

*Counsel for Defendant John Doe D/B/A*               *Counsel for Defendant John Doe D/B/A*
*Hebron Stores and Hebron Auto Parts*                *Hebron Stores and Hebron Auto Parts*

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on December 13, 2019, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Northern District of Ohio, using the electronic case filing system of the Court. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

                                       *s/ Gregory L. Porter*
                                       Gregory L. Porter
                                       Attorney for Defendant

EMF_US 77808904v1