UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| THE NOCO COMPANY, | ) | Case No. 1:19 CV 2260 |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| JOHN DOE, D/B/A HEBRON STORES | ) | |
| AND HEBRON AUTO PARTS, | ) | |
| | ) | |
| Defendant. | ) | |

This matter comes before the Court on the Motion of Defendant Hebron Stores ("Hebron") to Dismiss for Lack of Personal Jurisdiction, Improper Venue, and Failure to State a Claim. (ECF #12). Plaintiff has filed an Opposition and Defendant has filed a Reply in Support. The Motion to Dismiss is thus fully briefed and ready for decision. For the reasons that follow, Defendant's Motion to Dismiss for Lack of Personal Jurisdiction is Granted.

**Procedural and Factual Background**

Plaintiff Noco Company ("Noco") filed this action on September 27, 2019 against Defendant John Doe d/b/a Hebron Stores and Hebron Auto Parts asserting claims of Declaratory Judgment/Injunctive Relief (Count One), Unfair Competition (Count Two), Tortious Interference with Contract (Count Three), Trademark Infringement pursuant to 15 U.S.C. § 1114 (Count Four), Trademark Dilution pursuant to 15 U.S.C. § 1123 (Count Five), and Ohio Deceptive Trade Practices pursuant to O.R.C. §4165.02 (Count Six). Noco states that it designs, manufactures and sells battery chargers, portable power devices, and related battery products and accessories (collectively, the "Products.") (Complaint, ECF 1, ¶ 2) Plaintiff sells its Products on its website to wholesalers and authorized resellers

and through online stores like Amazon. (Id. ¶7) Noco asserts that at least since August 20, 2019, Hebron has been selling Noco's Products without authorization through its Amazon storefront Hebron Auto Parts and possibly on other websites. (Id. ¶¶ 14-15) On August 27, 2019, Noco's counsel sent a letter to Defendant stating that it was selling Noco Products without authorization and that such sales violated Plaintiff's Copyrights and Trademarks. (Id. ¶ 20) Plaintiff filed this action a month later.

The only jurisdictional allegations contained in the Complaint are the following assertions that this Court: has federal jurisdiction pursuant to 28 U.S.C. § 1338; has personal jurisdiction over Defendant pursuant to O.R.C. § 2307.382 because Defendant has caused tortious injury in the State of Ohio; and venue is proper pursuant to 28 U.S.C. § 1391(b)(2). (Id. ¶¶ 4-6)

With its Motion to Dismiss Defendant submits the declaration of its founder and CEO Arun Matthews who states that Hebron is an online retailer of automotive and plumbing parts and components that sells through its own websites as well as on third party platforms such as eBay, Amazon and WalMart. (ECF #12-1, ¶1.) Hebron is incorporated under the laws of the State of Illinois and its headquarters and principal place of business is in Aurora, Illinois. (Id. ¶ 2) All of Defendant's officers and employees are located in Illinois and Hebron has no facilities or operations in Ohio and has never had employees in Ohio or ever owned real property or bank accounts in Ohio. (Id. ¶¶3-4) Hebron is not, and never has been, registered to do business in Ohio. (Id. ¶4) Mr. Matthews further states that Hebron does not specifically target Ohio residents in connection with its products or advertising and that none of its suppliers for the Noco Products at issue were located in Ohio. (Id. ¶¶5, 8) Finally, Mr. Matthews states that Hebron has stopped selling the Noco Products at issue and made only 50 sales nationwide for a profit of approximately $900. (Id. ¶9)

Noco has filed an opposition brief to Defendant's Motion to Dismiss but has not filed any declaration or affidavit in support of its assertion that this Court has personal jurisdiction over Defendant.

## STANDARD OF REVIEW

Pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure, a defendant may move to dismiss a case for lack of personal jurisdiction. Once the defendant makes such a motion, the plaintiff bears the burden of proof that the Court does indeed have personal jurisdiction over the defendant. *Air Prods. and Controls, Inc. v. Safetech Intern., Inc.,* 503 F.3d 544, 549 (6th Cir. 2007). In the face of a properly supported motion for dismissal, the plaintiff may not stand on his pleading but must, by affidavit or otherwise, set forth specific facts showing that the Court has jurisdiction. *Theunissen v. Matthews d/b/a Matthews Lumber Transfer*, 935 F.2d 1454, 1458 (6th Cir. 1991). If the court relies solely on written submissions to resolve a Rule 12(b)(2) motion, the plaintiff's burden is "relatively slight"—the plaintiff need only make a prima facie showing of personal jurisdiction in order to quash defendant's motion. *Id.* The trial court must view the pleadings and affidavits in the "light most favorable" to the non-moving party, but the "defendant's undisputed factual assertions may be considered." *Air Prods.,* 503 F.3d at 549. As jurisdictional discovery has not been undertaken here, Noco must make a prima facie showing of personal jurisdiction. Failure to make that light showing will result in dismissal.

## LAW AND ARGUMENT

When, as here, a plaintiff alleges that a federal court has federal question jurisdiction, "personal jurisdiction over a defendant exists if the defendant is amenable to service of process under the [forum]

3

state's long-arm statute and if the exercise of personal jurisdiction would not deny the defendant[ ] due process." *Cmty. Tr. Bancorp, Inc. v. Cmty. Tr. Fin. Corp.*, 692 F.3d 469, 471 (6th Cir. 2012) *citing Bird v. Parsons*, 289 F.3d 865, 871 (6th Cir.2002). These two requirements for personal jurisdiction will be addressed in order.

### A. The Ohio Long Arm Statute

Plaintiff argues that Defendant is subject to Ohio's long-arm statute, O.R.C. § 2307.382(A)(3), (4) and (6). The Ohio long-arm statute, R.C. § 2307.382, provides in relevant part, that:

> (A) A court may exercise personal jurisdiction over a person who acts directly or by an agent, as to a cause of action arising from the person's:
>
> \*\*\*
>
> (3) Causing tortious injury by an act or omission in this state;
>
> (4) Causing tortious injury by an act or omission outside this state if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state;
>
> \*\*\*
>
> (6) Causing tortious injury in this state to any person by an act outside this state committed with the purpose of injuring persons, when he might reasonably have expected that some person would be injured thereby in this state.
> \*\*\*
>
> (C) When jurisdiction over a person is based solely upon this section, only a cause of action arising from act enumerated in this section may be asserted against him.

R.C. § 2307.382(A)(3)(4)(6) and (C).

4

Specifically, in its briefing, Plaintiff argues that Defendant "caused tortious injury in Ohio by, *inter alia*, infringing on the intellectual property rights of an Ohio corporation on its Websites and other internet platforms available in Ohio, directing unauthorized sales to Ohio purchasers[1], and interfering with NOCO's Reseller Agreements."(ECF #13 at p.4) Plaintiff cites to paragraph 5 of the Complaint in support of this statement. However, as mentioned above, Paragraph 5 of the Complaint simply states, without any factual reference or support, that "Defendant has caused tortious injury in the State of Ohio." Assuming for the purposes of this motion, that Plaintiff, an Ohio corporation, has suffered tortious injury as a result of Defendant's alleged infringement of its intellectual property rights on its websites and other internet platforms available in Ohio, and interference with Plaintiff's Reseller Agreements, Plaintiff has made no effort to argue, much less support with factual allegations, the further requirements in subsections (4) and (6) that are required if the alleged tortious acts were committed outside of Ohio.[2]

Subsection (4) covers an out of state action that causes tortious injury in Ohio if the defendant regularly does or solicits business or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in Ohio. Noco does not allege that Defendant regularly does business of solicits business in Ohio. Further, there is no allegation that Defendant derives substantial revenue from goods

---

[1]The Complaint fails to assert that Defendant directed unauthorized sales to Ohio purchasers.

[2] There is no allegation in Plaintiff's Complaint that Defendant committed tortious acts in Ohio, therefore subsection (3) of the Long Arm statute is inapplicable.

used or consumed or services rendered in Ohio. There are simply no allegations at all contained in the Complaint relevant to Defendant's activities in Ohio.

Similarly, subsection (6) of the long-arm statute covers an out of state action that causes tortious injury in Ohio which was committed for the purpose of injuring persons in Ohio, when he might reasonably have expected that some person would be injured thereby in this state. While Plaintiff offers no allegation that Defendant misappropriated its trade marks and copyrights for the purpose of injuring persons in Ohio, courts have concluded that when a defendant is alleged to have committed torts against an Ohio Plaintiff, such as misusing Plaintiff's trade secrets and converting Plaintiff's property, the defendant could have reasonably expected that injury would occur in Ohio. See *Safety Today, Inc. v. Roy, et al.*, 2:12 CV 510, 2012 WL 2374984 at *2 (S.D. Ohio June 22, 2012). Thus, the Court could infer from the fact that Noco asserts that Defendant infringed its copyrights and trademarks and Noco is an Ohio business with its principal place of business in Cuyahoga County, that Defendant should have reasonably expected that Noco would be injured in Ohio. For the purposes of this motion, the Court will presume that subsection 6 of the Ohio long arm statute is satisfied.[3] The personal jurisdiction inquiry does not end there. The Court must further determine whether jurisdiction over Defendant in Ohio properly comports with constitutional due process.

B.   **Due Process**

---

[3]This is a generous presumption given Noco's Complaint fails to state that it is an Ohio corporation and Noco failed to file an affidavit along with its opposition to the motion to dismiss. However, the Court is aware from other actions that Noco has filed in this Court where its place of incorporation and business have been alleged and properly supported.

6

The critical constitutional due process inquiry is whether the defendant has sufficient "minimum contacts" with the forum state so that the district court's exercise of jurisdiction over it comports with "traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). Depending on the type of minimum contacts in a case, personal jurisdiction can either be general or specific. *CompuServe, Inc. v. Patterson*, 89 F.3d 1257, 1263 (6th Cir. 1996); *Reynolds v. Intern. Amateur Athletic Ass'n*, 23 F.3d 1110, 1116 (6th Cir. 1994). General jurisdiction exists where a defendant's "continuous and systematic" contacts with a forum render the defendant amenable to suit in any action brought against it in the forum. *See Nationwide Mut. Ins. Co. v. Tryg Int'l Ins. Co., Ltd.*, 91 F.3d 790, 793 (6th Cir. 1996). "For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile; for a corporation, it is an equivalent place, one in which the corporation is fairly regarded as at home." *Bristol-Myers Squibb Co. v Superior Court of California*, 137 S.Ct. 1773, 1780 (2017) *citing Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 918 (2011). The "paradigm" forums in which a corporate defendant is "at home" are the corporation's place of incorporation and its principal place of business, but in exceptional cases, a corporate defendant's operations in another forum "may be so substantial and of such a nature as to render the corporation at home in that State." *BNSF Ry. Co. v. Tyrrell*, 137 S.Ct. 1549, 1552-1553 (2017) *citing Daimler*, 134 S.Ct. at 761, n. 19.

Specific jurisdiction exists if the subject matter of the lawsuit arises out of or is related to the defendant's contacts with the forum. *See Nationwide Mut. Ins. Co.*, 91 F.3d at 793. In this case, Plaintiff does not argue that this Court has general jurisdiction over the

Defendant. Rather, Plaintiff asserts that the Court has specific jurisdiction over Defendant. The Sixth Circuit has consistently applied the following criteria to determine whether specific jurisdiction exists:

> First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum to make the exercise of jurisdiction over the defendant reasonable.

*CompuServe, Inc. v. Patterson*, 89 F.3d 1257,1263.

Purposeful availment, the first prong of the specific jurisdiction test, requires a showing that defendant's contacts with the forum state "proximately result from actions by the defendant himself that create a substantial connection with the forum state." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985) (citations omitted) The defendant's conduct and connection with the forum must be significant enough that he should reasonably anticipate being haled into court there. *Id.* Put more simply, the purposeful availment requirement ensures that a defendant is not haled into court in a forum in which his contacts are the result of random, fortuitous, or attenuated events. *Id.* In the Sixth Circuit, "the purposeful availment requirement is satisfied when the defendant's contacts with the forum state proximately result from action by the defendant himself that create a substantial connection to the forum State." *Compuserve*, 89 F.3d at 1263. Here, Noco simply avers that Defendant sells Noco products online on Amazon using the storefront Hebron Auto Parts and possibly on other websites. (Complaint, ¶ 15)

8

In some instances, specific personal jurisdiction may be premised upon the defendant's operation of a website. The Sixth Circuit has set forth the following guidelines to determine whether the operator of a website has purposefully availed himself of the forum state:

> In order to determine whether an operator of a website purposefully availed himself of the forum state, the Court looks at the website's level of interactivity. *Neogen Corp. [v. Neo Gen Screening, Inc.*], 282 F.3d [883,] 890 [ (6th Cir.2002) ] (*citing Zippo Mfg. Co. v. Zippo Dot Com*, 952 F.Supp. 1119, 1124 (W.D.Pa.1997)). There are generally three levels of interactivity of websites, including: (1) passive sites that only offer information for the user to access; (2) active sites that clearly transact business and/or form contracts; and (3) hybrid or interactive sites that allow users to "exchange information with the host computer." *Zippo Mfg.* Co., 952 F.Supp. at 1124. *Neogen* held that purposeful availment is shown "if the website is interactive to a degree that reveals specifically intended interaction with residents of the state." 282 F.3d at 890.

*513 Ventures, LLC v. PIV Enterprises, Inc.*, No. 1:11-CV-573, 2012 WL 995277, at *3 (S.D. Ohio Mar. 23, 2012) *citing Inc. v. Imago Eyewear Pty, Ltd.*, 167 F. App'x 518, 522 (6th Cir.2006). Generally, personal jurisdiction cannot be asserted over a defendant based on a passive website that only provides information while personal jurisdiction over a defendant who operates an active site that clearly transacts or welcomes business from the forum state may be appropriate. However, even an active website, "one by which the defendant welcomes business from the forum state, does not establish purposeful availment without addition allegations that a commercial connection in fact exists between the business and the forum state. *Id.* at *4; *See Tewart Enterprises, Inc. V. Dawson*, No. 1:05 CV 30, 2007 WL 1114819, at *6 (S.D. Ohio Apr. 13, 2007).(No personal jurisdiction because the fact that the defendant's website welcomed business from Ohio was immaterial because the plaintiff

9

made no allegation that the defendant's website generated any business connection between defendant and Ohio.) *See also, Venaleck v. Man Diesel N. Am. Inc.*, No. 1:09CV2741, 2010 WL 1005166, at *3 (N.D.Ohio Mar.16, 2010) ("[W]hether [the defendant] held itself out as welcoming business from Ohio is immaterial, because Plaintiffs make no allegation that the website generated any business between [the defendant] and Ohio.") *See also, Wireless Environment, LLC v. HooToo.com, Inc.*, 2016 WL 4530617, at *4 (N.D. Ohio Aug. 30, 2016) ("there is no evidence that [defendant] directed advertising or promotion of the accused products specifically to residents of the State of Ohio. Sales, marketing and advertising conduct aimed, through the services of a third-party like Amazon, to the United States market in general is insufficient to satisfy Due Process requirements under the Sixth Circuit's stream of commerce approach.")

Even if the Court finds that Hebron's store front on Amazon is an active website that welcomed business from Ohio[4], Plaintiff makes no further allegations to support a commercial connection with Ohio, such as Hebron having made sales from the website to Ohio residents or accepting payment from Ohio residents or shipping the products at issue to Ohio. In the absence of more specific factual allegations, or any additional affidavit or declaration, Noco has not pleaded facts to establish that Defendant has purposefully availed itself of the privilege of doing business in Ohio

Moving on to the second element of the specific personal jurisdiction test, the cause of action in the instant case must arise from the Defendant's activities in Ohio. *Smucker Co.*

---

[4]The Court makes this presumption based upon the Amazon websites and not from any allegations or facts that Plaintiff has pled.

*v. Weston Firm, P.C.,* Case No. 5:13 CV 448, 2013 WL 3713457 (N.D. Ohio July 15, 2013). "Arise from" has been interpreted to mean "related to" or "connected with" the defendant's contacts with the forum state. *Youn v. Track, Inc.*, 324 F.3d 409, 410 (6th Cir. 2003). Noco asserts in its opposition brief that its claims against Defendant arise directly from Hebron's activities in Ohio, namely its listing of products for sale online in Ohio. However, as Defendant points out–all of its employees and offices are in Illinois and any listing of products for sale in their online store were made from Illinois, not Ohio. The only contact that Defendant has with Ohio is that its storefront on Amazon can be accessed in Ohio. Otherwise, as detailed in Mr. Matthews' Declaration, Defendant has no contacts with Ohio. While Plaintiff's causes of action may be based upon the listing of Noco products on Hebron's website, none of that activity from Hebron's point of view occurred in Ohio. As such, this action does not arise from Defendant's activities in Ohio.

The final prong of the specific personal jurisdiction test is whether exercising jurisdiction over Defendant is reasonable. This requirement exists because "minimum requirements inherent in the concept of 'fair play and substantial justice' may defeat the reasonableness of jurisdiction even if the defendant has purposefully engaged in forum activities." *Burger King*, 471 U.S. at 477–78, 105 S.Ct. 2174 (*quoting World–Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 292, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980)). However, when a plaintiff is able to satisfy the first two prongs of the specific jurisdiction assessment, an inference of reasonableness arises. *Air Products and Controls, Inc. v. Safetech Intern., Inc.*, 503 F.3d 544, 554 (6th Cir. 2007)(citations omitted.) Conversely, where the plaintiff has failed to satisfy the first two prongs of the specific jurisdiction test because the

11

Defendant did not purposefully avail itself of doing business in Ohio and the action does not arise from Defendant's activities in Ohio, then an inference must also arise that the exercise of personal jurisdiction over such a defendant would be unreasonable. *See Alig-Mielcarek v. Jackson*, No. 2:11-CV-00255, 2014 WL 272181, at *6 (S.D. Ohio Jan. 23, 2014) Accordingly, the exercise of personal jurisdiction over Hebron in these circumstances is inconsistent with constitutional due process.

## CONCLUSION

For the foregoing reasons, the Court finds that Plaintiff has failed to make a prima facie showing of personal jurisdiction over Defendant. Accordingly, Defendant's Motion to Dismiss for lack of personal jurisdiction (ECF #12) is granted. Because Defendant is not subject to personal jurisdiction in this Court, the Court need not reach Defendant's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). This action is dismissed.

IT IS SO ORDERED.

_____
DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE

Dated: February 20, 2020